THE PEOPLE *v.* QUILICHINI ET AL.

APPEAL from the District Court of Mayagüez.

No. 14.—Decided June 9, 1904.

APPEAL—GROUNDS OF APPEAL—BILL OF EXCEPTIONS.—Grounds of appeal which are not supported by the transcript of the record, and which are not sustained by a bill of exceptions, cannot be considered by the appellate court.

ID.—When from the record no error appears to have been committed, the judgment appealed from must be affirmed.

The facts are stated in the opinion.

*Mr. Smith,* for appellant.

*Mr. del Toro, Fiscal,* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the following opinion of the court:

This is an appeal taken by Vicente Quilichini from the judgment of the District Court of Mayagüez, which condemned him, together with Eduvigis Valentín and Benito Nuñez Hernández, to pay a fine of one hundred dollars and one-third of the costs of the proceedings.

On March 26, 1903, the district attorney of the district of Mayagüez filed a duly sworn information couched in the following language:

"Vicente Quilichini, Eduvigis Valentín and Benito Nuñez Hernández, all residents of Sábana Grande, and at large under bail, are accused by the prosecuting attorney of crime against the revenue of Porto Rico (misdemeanor), that is, for violation of the Internal Revenue Laws of Porto Rico, committed as follows: The said Quilichini, Valentín and Nuñez Hernández, about the month of September, 1902, in the district aforesaid, and in that part thereof known and designated by the name of the municipality of Sábana Grande, clearly and wilfully violated the Revenue Laws of Porto Rico, with the malicious intention of defrauding the insular revenues; for the one first mentioned herein, namely, Vicente Quilichini, son of the distiller Santiago Quilichini, sold to the second, namely, Eduvigis

Valentín, five gallons of rum, without giving him an invoice therefor, said Santiago Quilichini taking the same from his father's distillery; and of which five gallons of rum the one last mentioned, namely, Benito Nuñez Hernández, who then kept a small roadside grocery store, bought two gallons from said Valentín, knowing that the same was contraband, thereby defrauding the revenues of Porto Rico to the amount of three dollars, which act is contrary to the form, force and effect of the law for such case made and provided, and against the peace and dignity of the People of Porto Rico.''

When the oral trial was held, on July 20 of the aforesaid year, the accused and their respective counsel being present, Attorney Pascasio Fajardo, presented on behalf of Eduvigis Valentín, a motion in writing, praying that the case be dismissed as to his client, upon the strength of paragraph 2 of section 448 of the Penal Code (should read the Code of Criminal Procedure), and the court, after hearing the prosecuting attorney who opposed the motion overruled the same to which ruling Attorney Fajardo took an exception. The trial was proceeded with, and the accused having pleaded not guilty, the evidence proposed was taken, and on July 24 the court pronounced sentence imposing upon each of the three defendants the penalty hereinbefore mentioned.

From said judgment Quilichini took an appeal, availing himself of the right allowed by the law which also permits appeals in cases of misdemeanor, and the transcript provided for by law having been sent up to this court, on motion of counsel for Quilichini the record of preliminary proceedings with reference to the crime under consideration was also ordered to be sent up, which was done. Upon examination of the record there appears a bail-bond in favor of Eduvigis Valentín, on September 13, 1902, and also a warrant of the prosecuting attorney of the Mayagüez court, issued on March 18th of last year, for the arrest of the three persons accused, which warrant was executed on the 21st of said month.

Counsel for Vicente Quilichini upon entering his appeal, alleged the following grounds: (1) That Quilichini had been detained in the jail of the town of Sábana Grande on September 13, 1902, upon a complaint filed against him by the internal revenue agent, while the information was filed by the prosecuting attorney in the District Court of Mayagüez on March 25, of the following year, for which reason Attorney Fernando Vázquez, counsel for Quilichini moved at the oral trial that the information be dismissed and that the record thereof be filed, which motion was overruled although the prosecuting attorney had shown no good cause for filing the information after the time prescribed therefor, thus violating section 448 of the Code of Criminal Procedure; (2) That at the trial it was not proved that Quilichini had defrauded the public treasury, but only the unsupported statement was made that he had sold rum from his father's distillery, made by the guilty party who had been caught in the act of violating the law, while the testimony given by many of the witnesses for the defense had not been reported upon the record of the trial.

The grounds upon which the appeal is based are not corroborated by the record of the trial, nor has any bill of exceptions been filed to confirm them. Instead of this, it appears from the record of the trial that only Attorney Pascasio Fajardo, representing Eduvigis Valentín, had filed a motion in writing asking that the case be dismissed, and the same record shows that the defendant Eduvigis Valentín did not testify, and, therefore his testimony could not have served as a basis for the judgment of conviction, while, on the other hand, the witness Santiago González testified that by order of Vicente Quilichini he had delivered to Eduvigis Valentín a demijohn of rum, but he does not know whether it had been invoiced or not. Aside from the fact that counsel for Quilichini does not appear from the record to have filed a motion for the dismissal of the case, based upon section

448 of the Code of Criminal Procedure, it is not shown from the record submitted that Quilichini had been arrested on September 13, 1902, but that by order of the district attorney of Mayagüez he was detained on March 21st of last year, the information having been filed on the 26th of said month and, therefore, between the detention and information the sixty days referred to in paragraph 1 of section 448 of the Code of Criminal Procedure, had not then elapsed.

Wherefore, in conformity with the findings contained in the record, to the consideration of which the court must confine itself in the decision of the appeal, the same should be dismissed with costs against the appellant, the judgment rendered by the District Court of Mayagüez on July 24, 1903, being accordingly

*Affirmed.*

Chief Justice Quiñones and Justices Figueras and MacLeary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.